UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SAMUEL DAVIS,
    Plaintiff,

v.       No. 3:15-cv-461 (SRU)

SCOTT ERFE, et al.,
    Defendants.

## INITIAL REVIEW ORDER

The plaintiff, Samuel Davis, currently incarcerated at the Cheshire Correctional Institution in Cheshire, Connecticut, commenced this action *pro se* pursuant to 42 U.S.C. § 1983. The Complaint was received on March 30, 2015, and Davis' motion to proceed *in forma pauperis* was granted on April 16, 2015. Davis names as defendants Warden Scott Erfe, Deputy Warden Viger, Counselor Supervisor Jennifer Peterson, Captain Johnson, Captain James Watson and Counselor Schepp. Davis contends that the defendants retaliated against him for filing grievances and exercising his right of access to the courts. He also asserts claims for unreasonable search and seizure and invasion of attorney-client privilege.

I.      **Standard of Review**

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* In reviewing a *pro se* complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not

required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atl. v. Twombly*, 550 U.S. 544, 555–56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570; however, *pro se* documents are liberally construed and interpreted to raise the strongest arguments they suggest. *See Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013).

**II.     Background**

On February 6, 2015, Davis wrote to Deputy Warden Viger to inform him of an inappropriate relationship between defendants Peterson and Johnson. On February 11, 2015, defendant Johnson commented to Davis about the letter. On February 13, 2015, as Davis was leaving his housing unit, defendant Peterson identified Davis to Counselor Schepp. When Davis stopped walking and was about to question the identification, defendant Peterson glared at him and told him to keep walking. Davis complied with the order.

On February 15, 2015, defendant Schepp delivered previously-opened legal mail to Davis and commented on the contents of the letter. Davis wrote to defendant Peterson asking her to check the camera footage and write a report that his legal mail had not been opened in his presence. She did so. The following day, both defendants Peterson and Schepp delivered Davis' legal mail and opened it in his presence. On February 27, 2015, Davis spoke to defendant Erfe and Commissoner Semple about his difficulties with defendants Johnson, Peterson and Schepp.

On March 2, 2015, Davis was placed in restrictive housing. He was not give any reason for the placement and did not receive a disciplinary report. Davis submitted a request to

defendant Watson to retrieve some of his legal materials. Davis was representing himself in a habeas corpus action. Two days later, Davis asked defendant Watson if he had received the request. Defendant Watson stated that he had, but did not allow Davis to retrieve his legal materials. He commented that doing so would allow Davis to file a complaint against him.

Davis wrote requests to defendants Erfe and Viger. On March 11, 2015, Davis was transferred to Corrigan Correctional Center. When he asked why he had been transferred, the unit manager told Davis that there was no reason in the computer and asked who he had crossed.

### III. Discussion

Davis contends that all of the actions described above were taken in retaliation for his letter informing defendant Viger about the relationship between defendants Peterson and Johnson. He also challenges defendant Schepp's opening and reading of his legal mail as an illegal search in violation of the Fourth Amendment.

Defendant Schepp's action also implicates Davis' right of access to the courts. *See Abascal v. Fleckenstein*, No. 06-CV-349S, 2012 WL 638977, at *4 (W.D.N.Y. Feb. 27, 2012) ("interference with legal documents, particularly with legal mail containing attorney-client communications, 'implicates a prison inmate's right of access to the courts . . . .'" (quoting *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003))). To prevail on this claim, Davis must show that Schepp's actions were deliberate and malicious, and that the actions resulted in an actual injury to Davis. *See Bellezza v. Holland*, 730 F. Supp. 2d 311, 314 (S.D.N.Y. 2010). Davis does not allege that the document was damaged, delivery was delayed for more than the few moments it took for defendant Schepp to read the letter, or that anything was missing from the envelope. Accordingly, Davis fails to allege any facts suggesting that he suffered an actual injury from

Schepp's action. *See Davis*, 320 F.3d at 352 (holding that two instances of interference with legal mail were insufficient to state a claim for denial of access to courts absent actual harm).

Davis also alleges that Watson failed to give him his legal materials for nine days, from March 2, until he was transferred on March 11. This action also implicates Davis' right of access to the courts. Davis does not allege any facts suggesting that the lack of materials for nine days caused him to suffer an actual injury. To challenge "the denial of access to legal materials, a party must have an 'actual injury' deriving from the alleged lack of access; 'that is, actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim.'" *Liner v. Fischer*, No. 11-cv-6711 (PAC) (JLC), 2013 WL 1832316, at *9 (S.D.N.Y. May 2, 2013) (quoting *Lewis v. Casey*, 518 U.S. 343, 348 (1996)). Any claims for violation of the right of access to the courts is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

## **ORDERS**

The Court enters the following orders:

(1)     All claims for violation of the right of access to courts are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1). Because that is the only claim asserted against defendant Watson, the Clerk is directed to terminate Captain Watson as a defendant. The case will proceed on Davis's retaliation claims against all other defendants and on his illegal search claim against defendant Schepp.

(2)     The **Clerk shall** verify the current work addresses of each of the remaining defendants with the Department of Correction Office of Legal Affairs, mail a waiver of service of process request packet to each defendant at that address within **twenty-one (21) days** of this

Order, and report to the court on the status of those waiver requests on the thirty-fifth (35) day after mailing. If any defendant fails to return the waiver request, the Pro Se Prisoner Litigation Office shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3) The **Clerk shall** send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(4) The **Clerk shall** send a courtesy copy of the Complaint and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(5) The defendants shall file their response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the waiver form is sent. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They also may include any and all additional defenses permitted by the Federal Rules.

(6) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the court.

(7) All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(8) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9)     If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that the plaintiff **MUST** notify the court.  Failure to do so can result in the dismissal of the case.  The plaintiff must give notice of a new address even if he is incarcerated.  The plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice.  It is not enough to just put the new address on a letter without indicating that it is a new address.  If the plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address.  The plaintiff should also notify the defendant or the attorney for the defendant of his new address.

It is so ordered.

Dated at Bridgeport, Connecticut, this 5th day of June 2015.

　　　　　　　　　　　　　　　　　　　　　　　　/s/ STEFAN R. UNDERHILL
　　　　　　　　　　　　　　　　　　　　　　　　Stefan R. Underhill
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge